UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60538-CIV-MARRA/JOHNSON

ULTRA-IMAGES, LLC, a
Florida company,

      Plaintiff,

vs.

DARREN A. FRANCLEMONT et al.,

      Defendants.
_____/

**OPINION AND ORDER**

      This cause is before the Court upon Defendants Entertainment U.S.A., Inc. and Entertainment Productions, Inc.'s Motion for Summary Judgment [DE 250]; Plaintiff's Motion for Enlargement of Time to File Opposition to Motions for Summary Judgment [DE 291] and Plaintiff's Cross-Motion for Summary Judgment [DE 301]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

      I. Background

      The Court notes that its previous orders in this case provide the relevant background to these motions. In sum, Plaintiff Ultra Images, LLC ("Plaintiff"), an entity engaged in the business of owning and enforcing intellectual property rights, claims that Defendants Entertainment U.S.A., Inc. and Entertainment Productions, Inc. ("Defendants") infringed its copyright in the Jesse Portrait. (Second Am. Compl. ¶¶ 16, 69-74.)

      The facts relevant to the copyright claim stem from the various assignments executed pertaining to the Jesse Portrait. On May 10, 2002, Richard Anderson, the photographer of the

Jessie Portrait, assigned to his wife, Eszter Barany Anderson, his entire collection of still images,[1] any registrations and copyright applications relating thereto and "all causes of action, either in law or equity for past, present or future infringement based on the copyrights." (DE 250-4.)  Next, on December 6, 2004, Eszter Barany Anderson assigned to Plaintiff "all right[s], title and interest in and to the following described copyright and rights pertaining to said copyright and to the [Jesse Portrait]."  Notably, this assignment did not assign the causes of action.  (DE 245-4.)  On December 17, 2004, Richard Anderson executed an assignment that purported to assign the copyrights and causes of action relating to the Jesse Portrait to Plaintiff. (DE 103.)  Finally, on April 9, 2007, Eszter Barany Anderson assigned to Plaintiff her rights in the Jesse Portrait and the related causes of action.  (DE 250-3.)  When asked why she executed the 2007 assignment, Eszter Barany Anderson stated, ""To guarantee that what I said earlier - That was reinforcing it by me signing it." (Dep. of E. Anderson 79.)  Notably, that assignment stated that it was "intended nunc pro tunc to formalize, supplement and otherwise effect the assignment and confirmation of rights given and choses in action assigned at that time."  The Complaint attached only the December 17, 2004 assignment.

   On December 17, 2004, Richard Anderson filed a certificate of registration with the United States Copyright Office for the Jesse Portrait. (DE 103.)   In that application, Richard Anderson identified the copyright claimant as Plaintiff and stated that all rights in the Jesse Portrait were transferred by the author to Plaintiff by written contract.

   In arguing for summary judgment, Defendants contend that Plaintiff's copyright

---

[1] Other images were assigned as well but this motion concerns only the rights surrounding the Jesse Portrait.

registration in the Jesse Portrait is invalid based on Richard Anderson's filing of false information to the Copyright Office regarding the assignment of the copyright of the Jesse Portrait. Defendants also claim that Plaintiff lacks standing to bring any action for copyright violations because it did not own the accrued causes of action when it filed the instant action. In addition, Defendants assert that Plaintiff's claim is barred by laches and that there is no evidence to support a claim for damages. In response, Plaintiff states that Defendants have made no showing of fraud with respect to the copyright registration and that immaterial errors on the registration do not jeopardize the registration's validity.[2] Plaintiff counters that it possesses standing based on its April 2007 assignment which cured any defects in the prior assignments. With respect to the laches defense, Plaintiff asserts that Defendants' willful infringement prevents the application of that defense in this case. Lastly, Plaintiff claims that there are material issues of fact regarding damages and that additional discovery is needed to determine damages.

## II. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317,

---

[2] Plaintiff also moves for summary judgment on the standing and ownership issues. Defendants point out that Plaintiff's motion for summary judgment was filed after the deadline for the filing of substantive motions. (Def. Reply 4.) Given that the Court finds that there are material issues of fact with respect to standing and ownership, the Court makes no findings as a matter of law in favor of either party.

323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may

4

be granted." Anderson, 477 U.S. 242, 249-50.

### III. Discussion

#### A. Copyright Registration Validity

In making the argument that Plaintiff's copyright registration is invalid, Defendants point to the language on the certificate of copyright registration that states that Richard Anderson had transferred his rights in the Jesse Portrait to Plaintiff by written contract as evidenced by the December 17, 2004 assignment from Richard Anderson to Plaintiff.  Defendants note, however, that the December 17, 2004 assignment was "false" because Richard Anderson had already given away his interest in the Jesse Portrait to his wife by virtue of the May 10, 2002 assignment.  Thus, according to Defendants, Richard Anderson "knowingly misrepresented material facts to the Copyright Office" and the Copyright Office would not have issued the copyright to Plaintiff had it known that there was "no valid contract transferring the right from Richard Anderson to [Plaintiff]." (Def. Mot. 11.)   Based on that, Defendants claim that the copyright registration is invalid.

The Eleventh Circuit has stated that while "omissions and misrepresentations in a copyright application can render the registration invalid," it is necessary to show that there has been "intentional or purposeful concealment of relevant information." Original Appalachian Artworks, Inc. v. Toy Loft, Inc., 684 F.2d 821, 828 (11th Cir. 1982).  In other words, to succeed in invalidating the registration, Defendants must show that the element of "scienter" is met. Id. In contrast, "[i]mmaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration." Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1161 (1st Cir. 1994).  "[A]n error is immaterial if its discovery is not likely

to have led the Copyright Office to refuse the application." Id. citing Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir.1984).

Based on the record, the Court finds that genuine issues of material fact exist regarding whether the registration is valid. A fact finder will need to determine if Richard Anderson acted with scienter or if he made an inadvertent mistake when applying for the registration. In addressing a similar question of whether an "irregularit[y]" in the copyright application constituted fraud, the court in Arthur Rutenberg Homes, Inc. v. Berger, 910 F. Supp. 603 (M.D. Fla. 1995), stated that "intent is not an issue that lends itself to resolution on a summary judgment motion." Id. at 607. Likewise, it is also a question of fact if the information found on the registration, i.e., that Richard Anderson transferred his rights in the Jesse Portrait to Plaintiff by written contract, is "relevant information."

In so ruling, the Court notes that the cases cited by Defendants are not controlling on this Court and, significantly, those cases fail to address the element of scienter required by the Eleventh Circuit. Instead, Defendants summarily conclude that Richard Anderson "knowingly misrepresented" facts to the Copyright Office. But, as stated herein, the Court finds that summary judgment is not an appropriate mechanism to determine whether Richard Anderson "knowingly misrepresented" facts or provided mistaken information to the copyright office.[3] Thus, summary

---

[3] Defendants also urge this Court to find invalidity of the registration because the registration was made over five years after the Jesse Portrait was published. (Def. Mot. 10.) Although 17 U.S.C. § 410(c) provides that "the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate," that provision also states that "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." Based on the record at this stage in the proceeding, the Court cannot find, as a matter of law, that the certificate of registration is invalid.

judgment on the validity of the copyright is denied.

B. Standing

Defendants claim that Plaintiff does not have standing to pursue this action because when the suit was filed in April of 2005, Plaintiff had not been given any right or entitlement to prosecute claims for copyright infringement for the Jesse Portrait.  Specifically, Defendants claim the December 17, 2004 assignment failed to provide this right because Richard Anderson had previously assigned his rights to his wife in 2002 and thus he had no rights to give Plaintiff.  Likewise, Defendants state that Eszter Barany Anderson's December 6, 2004 assignment also failed to provide this right since that assignment had no mention of any assignment of causes of action. (Def. Mot. 14-15.)

The Court finds that there is a question of fact that precludes the entry of summary judgment on this issue.  Specifically, a fact finder must determine whether the April 2007 assignment was a memorialization of an earlier oral assignment of the causes of action, executed prior to the lawsuit being filed, by Eszter Barany Anderson to Plaintiff.  A fact finder could find that Eszter Barany Anderson's testimony that the April 2007 assignment served "to guarantee what I said earlier" meant that she previously granted Plaintiff the right to prosecute claims for copyright infringement orally prior to the filing of this action. (Dep. of E. Anderson 79.)

Oral assignments of a cause of action for copyright infringement are valid, if later memorialized by a written assignment.  In an analogous context, the Eleventh Circuit examined 17 U.S.C. § 204(a),[4] the provision of the copyright statute that sets out the requirements of a

---

[4] That provision states: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized

transfer of copyright ownership, and the effect of an oral assignment later confirmed in writing. See Imperial Residential Design, Inc. v. Palms Development Group, Inc., 70 F.3d 96 (11th Cir. 1995); Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994). The Eleventh Circuit held that "a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer ab initio." Imperial Residential, 70 F.3d at 99. The Court finds that this reasoning is applicable here.

Nonetheless, Defendants argue that these cases do not address the issue of "whether federal jurisdiction for accrued causes of copyright infringement may be based on an assignment that fails to convey those rights." (Def. Reply 5.) That argument presupposes a finding that Eszter Barany Anderson did not assign the causes of action to Plaintiff prior to suit. That finding, however, is one that must be reserved for the trier of fact and cannot be made as a matter of law. Moreover, a finding of an oral assignment memorialized by the April 2007 written document will render irrelevant Defendants' contention (Def. Reply 5) that the written assignments executed in 2002 and 2004 failed to convey the rights at issue.[5]

For the reasons stated herein, summary judgment on the issue of standing is denied.

---

agent." 17 U.S.C. § 204(a).

[5] With respect to Defendants' argument that the April 2007 assignment cannot retroactively cure a standing defect, the Court notes that there is a disagreement among the courts on this issue. Compare Enzo APA Son, Inc. v. Geapag A.G., 134 F.3d 1090 (Fed. Cir. 1998) (nunc pro tunc assignments cannot confer standing retroactively) with Intimo, Inc. v. Briefly Stated, Inc., 948 F. Supp. 315 (S.D.N.Y. 1996) (later assignment provided the plaintiff with standing to sue for copyright infringements that occurred before the second assignment was executed). The Court need not address this issue unless and until the fact finder determines that Plaintiff was not given an oral assignment of rights, later memorialized in April 2007.

C. Laches

In making its argument for the application of a laches defense, Defendants contend that Richard Anderson, the predecessor in interest to Plaintiff, knew in the mid-1990s that Defendants were using the Jesse Portrait but never filed suit to protect his rights. Defendants also claim that they are prejudiced, since the conversations and events took place over ten years ago and former employees and relevant documents are now unavailable to be used in their defense. (Def. Mot. 15-16.) Plaintiff, however, argues that Defendants willfully infringed the copyright of the Jesse Portrait and laches is therefore an unavailable defense. (Pl. Resp. 13-15.)

The Court begins by noting that the Circuits are split on whether laches is a viable defense in a copyright action. Bridgeport Music, Inc. v. Justin Combs Pub., — F.3d —, No. 06-6294, 2007 WL 3010525, * 17 (6th Cir. Oct. 17, 2007) (the laches defense should be applied to copyright cases "rarely" and "in unusual circumstances."); Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001) (applying laches defense to copyright action); Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001) (since the Copyright Act contains an express statute of limitations, there is no laches defense to a copyright action); see Calhoun v. Lillenas Publ'g., 298 F.3d 1228, 1235 n.3 (11th Cir. 2002) (Birch, J., specially concurring) (recognizing the split in circuits "on whether it is appropriate to consider a laches defense where an infringement action is brought within the statutory three-year period of limitations"). A recent unpublished Eleventh Circuit case relied upon the Danjaq case to find that a copyright claim was barred by laches. Thompson v. Looney's Tavern Productions, Inc., 204 Fed. Appx. 844, 852 (11th Cir. 2006). For the purposes of this motion, the Court will assume laches is a viable defense in a copyright claim.

To establish laches, Defendants must show 1) a delay in asserting a right or claim, 2) that the delay was not excusable, and 3) that there was undue prejudice to the party against whom the claim is asserted. United States v. Barfield, 396 F.3d 1144, 1150 (11th Cir. 2005); Ambrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986). In examining the laches defense in the summary judgment context, numerous courts have acknowledged that "caution is called for before laches is applied on summary judgment where facts have only been developed in affidavits and allegations." Ecology Center of Louisiana, Inc. v. Coleman, 515 F.2d 860, 868 n.8 (5th Cir. 1975);[6] see Kourtis v. Cameron, 419 F.3d 989, 1000 (9th Cir. 2005) (same); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1152 (N.D. Cal. 2007) (same).

Significantly, willful infringement by a defendant is an exception to the laches defense. Danjaq, 263 F.3d at 957-58. "'Willful' refers to conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement." Id. (internal quotation marks omitted.) The determination of willfulness is a question of fact reserved for the jury.

The Court finds that the continued use of the Jesse Portrait by Defendants, which Defendants do not dispute, raises a question of fact as to the issues of laches and willful infringement. Given that the Court must view the facts in a light most favorable to Plaintiff, the Court must credit, at the summary judgment stage, the testimony of Richard Anderson that

---

[6] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

limitations were placed on Defendants' use of the Jesse Portrait.[7] Therefore, a fact finder could determine that Defendants' continued use of the photograph constitutes willful infringement. The viability of the willfulness exception to the laches defense therefore precludes the Court from finding, as a matter of law, that this claim is barred by laches.

### D.  Damages

Defendants seek a ruling from the Court that there is no evidence to support a claim for damages. (Def. Mot. 16-17.).  In making that claim, Defendants state that they are entitled to summary judgment because Plaintiffs "cannot prove any connection between the photo on the sign outside the building and the club's profit." (Def. Mot. 17.)   In response, Plaintiff state that Defendants have obstructed its ability to obtain necessary discovery concerning damages. (Pl. Resp. 15.)

To begin, Defendants have failed to discharge its burden on summary judgment.  In discussing that burden, the Eleventh Circuit has stated "it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  That is precisely what Defendants have done here.  Furthermore, in seeking summary judgment on damages, Defendants have ignored that Plaintiff may elect not to seek actual damages and profits but instead seek statutory damages. 17 U.S.C. § 504.  In that circumstance, if the infringement is found to be willful, a fact finder must determine if enhanced statutory damages should be imposed.  Feltner v. Columbia Pictures Television, Inc., 523 U.S.

---

[7] Defendants' statement of facts highlights the testimony of Richard Anderson, who claimed that the money he received for the photograph was for its single, past use. (Def. Statement of Facts, 2.)   In addition, Defendants' statement of facts noted "by way of contrast," that defense witnesses, Darren Franclemont and Steve Cooper, testified that no limits were placed on Defendants' use of the photograph. (Def. Statement of Facts, 2-3.)

340 (1998) (in copyright cases the fact finder must decide if enhanced statutory damages should be imposed when the infringement was committed willfully).  Thus, the Court cannot make any determination regarding statutory damages at the summary judgment stage.  Lastly, given that this case is proceeding to trial, the Court finds that without hearing the evidence, it is premature to issue a ruling on actual damages.  Thus, Defendants' motion for summary judgment on the issue of damages is denied.

With respect to Plaintiff's request to seek additional discovery and an enlargement of time to do so, the Court denies that request.  There are no pending discovery motions seeking to compel discovery or contempt for failure of Defendants to turn over previously ordered discovery. Plaintiff cannot complain that there is evidence it needs that Defendants have not provided and  the Court notes that the deadline for discovery has now passed.  Accordingly, Plaintiff's request is denied.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion for Summary Judgment [DE 250] is **DENIED**.

2) Plaintiff's Motion for Enlargement of Time to File Opposition to Motions for Summary Judgment [DE 291] is **DENIED**.

3) Plaintiff's Cross-Motion for Summary Judgment [DE 301] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of December 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record